UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEFFREY D. HOUSE,

Plaintiff,

v. Case No. 26-cv-1812-pp

OFFICER PERSINO, OFFICER BALCHITIS
and OFFICER JOHNSON,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING AMENDED COMPLAINT**

---

On October 1, 2026, plaintiff Jeffrey House, who is representing himself, filed a complaint alleging that the defendants had violated his Constitutional rights for an unreasonably prolonged vehicle stop. Dkt. No. 1. The plaintiff also filed a motion requesting leave to proceed without prepaying the filing fee. Dkt. No. 2. On November 4, 2026, the plaintiff filed an amended complaint alleging the same claims. Dkt. No. 6.

The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. The court will allow the plaintiff to proceed on a First Amendment retaliation claim and a Fourth Amendment seizure claim against Officer Johnson. The court will dismiss the claims asserted against Officers Persino and Balchitis.

## I. Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532,

534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff states that he is unemployed and that he does not have any monthly income apart from $847 in Social Security benefits. Dkt. No. 2 at 1–2. The plaintiff says that he has $1,400 in monthly expenses for rent and utility bills. Id. at 2-3. The plaintiff states that he has no cash or other assets. Id. at 3-4.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant his motion for leave to proceed without doing so. The court advises the plaintiff, however, that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original)). The plaintiff must pay the filing fee over time, as he is able.

## II. Screening the Amended Complaint (Dkt. No. 6)

### A. Legal Standard

The court next must "screen" the complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief

from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

B. The Amended Complaint

In the amended complaint, the plaintiff alleges that on April 4, 2026, he was stopped in his vehicle by defendant Matthew Johnson, an officer with the Racine Police Department. See Dkt. No. 6 at 3. The plaintiff alleges that after the initial reason for the stop was resolved, he was subjected to a prolonged vehicle stop based on Johnson's decision to impound his vehicle without a warrant and without his consent. Id. The plaintiff maintains that Johnson prolonged the stop to allow time for a towing company to take the plaintiff's vehicle despite the absence of any legitimate reason to have the vehicle towed.

Id. at 4. He further alleges that he previously had been in litigation with Johnson that was dismissed after a settlement. See id. (citing House v. Klepel, *et al.*, Case No. 22-cv-911 (E.D. Wis.)). The plaintiff asserts that Johnson prolonged the vehicle stop and impounded his vehicle to retaliate against him for the prior lawsuit. Id.

The amended complaint does not make any specific allegations against the other two defendants, Officers Persino and Balchitis. See id. at 1-4. It appears that the plaintiff named these two defendants in his initial complaint because of their connection to the vehicle stop, see dkt. no. 1 at 3, but the court cannot ascertain what that connection was.

C. Analysis

The plaintiff's allegations related to the April 2026 traffic stop and the impoundment of his vehicle appear to assert violations of his Fourth Amendment right to be free from unreasonable search and seizure and his First Amendment right against retaliation for exercising his right to free speech.

A person may bring claims of constitutional violations against state officials or actors through 42 U.S.C. §1983, a federal civil rights statute. See Bublitz v. Cottey, 327 F.3d 485, 488 (7th Cir. 2003) ("Section 1983 is not itself a source of any substantive rights, but instead provides the means by which rights conferred elsewhere may be enforced."). To prevail on a §1983 claim, the plaintiff must allege facts showing that (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the person who deprived him of that right was acting under color of state law. Buchanan-Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citation omitted). Under §1983, "a public employee's liability is premised on [his] own knowledge

and actions, and therefore requires evidence that each defendant, through [his] own actions, violated the Constitution." Aguilar v. Gaston-Camara, 861 F.3d 626, 630 (7th Cir. 2017) (citing Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009)). "[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." Pepper v. Village of Oak Park, 430 F.3d 805, 810 (7th Cir. 2005) (quotation omitted).

"Traffic stops are seizures, so they must be reasonable under the circumstances." United States v. Cole, 21 F.4th 421, 427 (7th Cir. 2021) (citing Whren v. United States, 517 U.S. 806, 809 (1996)). "Whether the driver actually committed a traffic infraction is irrelevant for Fourth Amendment purposes so long as there was an objective basis for a reasonable belief he did." United States v. Lewis, 920 F.3d 483, 489 (7th Cir. 2019). "Because traffic stops are typically brief detentions, more akin to *Terry* stops than formal arrests, they require only reasonable suspicion of a traffic violation—not probable cause." Cole, 21 F.4th at 427 (citing Rodriguez v. United States, 575 U.S. 348, 354 (2015)); see also Terry v. Ohio, 392 U.S. 1 (1968). "An officer who reasonably starts a traffic stop . . . might violate the Constitution if he exceeds the scope or unreasonably prolongs the stop." Lewis, 920 F.3d at 491. "A traffic stop 'can become unlawful if it is prolonged beyond the time reasonably required to complete the mission of issuing a warning ticket.'" Id. (quoting Rodriguez, 575 U.S. at 354-55); see also United States v. Avila, 106 F.4th 684, 695 (7th Cir. 2024) ("A traffic stop is unlawfully prolonged when police detour from the mission of the stop.").

The plaintiff does not allege that the defendant's initial vehicle stop was unwarranted. Instead, he alleges that after the initial reason for the stop was resolved, Johnson unreasonably prolonged the stop to allow a towing company

to arrive and impound the plaintiff's vehicle without the plaintiff's consent. Based on the well-pleaded allegations in the amended complaint, which the court must accept as true, the plaintiff has asserted a Fourth Amendment claim against Johnson based on the prolonged vehicle stop.

The plaintiff also sufficiently alleges a Fourth Amendment claim against Johnson based on Johnson's decision to impound the plaintiff's vehicle. "The decision to impound an automobile, unless it is supported by probable cause of criminal activity, is only valid if the arrestee is otherwise unable to provide for the speedy and efficient removal of the car from public thoroughfares or parking lots." United States v. Duguay, 93 F.3d 346, 353 (7th Cir. 1996). Impounding a vehicle without regard to whether the driver or owner "'can provide for its removal is patently unreasonable if the ostensible purpose for the impoundment is for the 'caretaking' of the streets.'" Id. Here, the plaintiff alleges that he was at the vehicle stop and was not under arrest, implying that he was otherwise available to remove his car. Dkt. No. 6 at 3; see also Dkt. No. 1 at 2 (alleging that defendants "forced [the plaintiff] to walk, [rather] then [sic] permit someone to retrieve vehicle"); Abushawish v. Milwaukee C'nty, No. 20-CV-1914, 2022 WL 2063075, at *1 (E.D. Wis. June 8, 2022) ("[W]ithout probable cause an officer cannot reasonably impound a vehicle if a driver is on the scene, willing to move the vehicle, and legally entitled to do so.").

The plaintiff appears to allege a First Amendment retaliation claim against Johnson based on his allegation that Johnson's motivation to prolong the stop and have his vehicle impounded was to retaliate against the plaintiff for a prior lawsuit. "To establish a prima facie case of unlawful retaliation, a plaintiff must show '(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First

Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action.'" Douglas v. Reeves, 964 F.3d 643, 646 (7th Cir. 2020) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)).

Based on the amended complaint, the plaintiff sufficiently alleges an unlawful retaliation claim against Johnson. For the first element, he states that he engaged in protected activity when he filed a federal lawsuit against Johnson. See Borough of Duryea, Pa. v. Guarnieri, 564 U.S. 379, 387 (2011) (stating that "the [First Amendment's] Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes"). This is sufficient to satisfy the first element of a retaliation claim.

For the second element, the court must apply an objective test: "whether the alleged conduct by the defendants would likely deter a person of ordinary firmness from continuing to engage in protected activity." Douglas, 964 F.3d at 646. In screening the complaint, the court assumes that the plaintiff's allegation that Johnson unlawfully impounded his vehicle is sufficient to satisfy the second element.

The third element requires that the plaintiff "plausibly allege that his protected activity was a motivating factor behind the defendants' conduct." See Bridges, 557 F.3d at 546. The plaintiff alleges that Johnson impounded his vehicle in retaliation for the prior lawsuit where the plaintiff asserted that Johnon had "engaged in similar actions against the plaintiff . . . involving prolonged seizure" and forcible removal "from home and escorted handcuffs [sic] to Ascension Hospital." Dkt. No. 6 at 4. He also alleges that at the time of the vehicle stop, Johnson knew him from the prior lawsuit and the events that

had led to the lawsuit. See id. at 3-4. The court must accept as true the well-pleaded factual allegations in the complaint and when those factual allegations allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," a claim has facial plausibility. Iqbal, 556 U.S. at 663. Based on the allegations in the amended complaint, the plaintiff sufficiently has pled a retaliation claim against Johnson.

Though the plaintiff has alleged First and Fourth Amendment claims against Johnson, the plaintiff has failed to allege any federal claims against defendants Persino and Balchitis. He does not allege that they made the decision to prolong his vehicle stop or impound his vehicle. Nor does the plaintiff allege that Persino and Balchitis had any motivation to retaliate against him for the prior lawsuit with which it appears they had no connection. The court will not allow the plaintiff to proceed with his claims against Persino and Balchitis and will dismiss them from the case.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that defendants Persino and Balchitis are **DISMISSED WITHOUT PREJUDICE**.

The court **ORDERS** that the plaintiff may proceed against defendant Johnson based on a First Amendment retaliation claim and a Fourth Amendment seizure claim for the prolonged vehicle stop and the impoundment of the plaintiff's vehicle.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the amended complaint and this order on defendant Johnson under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for

making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** that defendant Johnson must answer or otherwise respond to the complaint within the time permitted by the Federal Rules of Civil Procedure.

The court **ORDERS** that the parties must not begin discovery until after the court issues a scheduling order setting deadlines for discovery and dispositive motions. The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. It is the plaintiff's responsibility to notify the court if he changes addresses; if he does not keep the court advised of his address the court may dismiss this case without further notice.

Dated in Milwaukee, Wisconsin this 13th day of November, 2026.

**BY THE COURT:**



**HON. PAMELA PEPPER**
**United States District Judge**